UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELVIN COLLINS AND<br>DEBORAH COLLINS | CIVIL ACTION |
| VERSUS | NO. 10-1564 |
| UNITED STATES OF AMERICA<br>AND LARRY PLAISANCE | SECTION "N" (1) |

**ORDER AND REASONS**

Presently before the Court are two motions filed by the United States of America (the "Government"): (1) "Motion to Substitute Party United States of America in Place of Larry Plaisance" (Rec. Doc. 10); and (2) "Motion to Dismiss for Lack of Jurisdiction" (Rec. Doc. 11). As stated herein, **IT IS ORDERED** that both motions are **GRANTED**. **IT IS FURTHER ORDERED** that the claims asserted against Defendant Larry Plaisance are **DISMISSED WITH PREJUDICE**, and that the claims asserted against the Government are **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

On September 14, 2007, Plaintiff Melvin Collins ("Plaintiff") and Defendant Larry Plaisance were both employees of the United States Army Corps of Engineers ("Corps") working in New Orleans. *See* Complaint, Rec. Doc. 1 at ¶¶ 2 & 6; Declaration of Larry Plaisance, Exh. 1 to Rec. Doc. 18 at ¶¶ 1-4. According to Plaintiff's complaint, he was using the restroom on the third floor of the Corps' complex on that day when Plaisance entered the restroom and "proceeded to pour an authorized cleaning solution into the urinals of the restroom." *See* Complaint, Rec. Doc. 1 at ¶ 2. Plaintiff additionally contends that "the solution . . . was a concoction [] Plaisance created at his

home made up of highly toxic ingredients" *Id.*  Plaintiff alleges that the fumes from this solution caused him personal injuries for which he seeks to recover monetary damages.  Plaintiff's wife, Deborah Collins, asserts an accompanying loss-of-consortium claim. Having carefully reviewed all of the parties' submissions, the Court agrees that the Government is properly substituted as defendant for Larry Plaisance, and that all claims asserted against Plaisance are dismissed with prejudice.  For essentially the reasons stated by the Government, the Court additionally concludes that Plaintiffs' claims against the Government are legally precluded such that the Court is without subject matter jurisdiction as to those claims.

**I.      Motion to Substitute Party (Rec.  Doc. 10)**

Under the Westfall Act, a suit against the United States is the exclusive remedy available to persons with claims for tort damages resulting from the actions of federal employees taken within the scope of the federal office or employment. 28 U.S.C. § 2679(b)(1).  Accordingly, upon certification by the Attorney General that a federal employee was acting within the scope of his employment at the time of the incident out of which a state-law claim arises, any civil action arising out of that incident is deemed an action under the Federal Torts Claim Act, and the United States is to be substituted as the sole defendant. 28 U.S.C. § 2679(d)(1).  The Attorney General has delegated certification authority to the United States Attorney for this district.  *See* 28 C.F.R. §15.4 (1990).  In this action, the United States Attorney for the Eastern District of Louisiana has certified that, at all relevant times, Plaisance was acting within the course and scope of his duties as a federal employee at the time of the conduct on which the plaintiffs' claims are based. *See* Certification (Rec. Doc. 10-1).

Certain judicial review of certifications made pursuant to § 2679(d)(1), however, is available. In *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003), the Fifth Circuit explained:

> The Westfall Act provides that, upon certification by the Attorney General or his designated representative that the government employee was acting within the scope of his employment at the time of the allegedly tortious act, the United States may remove the action to federal court and substitute itself as the defendant in the suit. For purposes of removal, the certification conclusively establishes that the employee was acting within the scope of his employment. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995) (quoting §2679(d)(2)'s provision that "certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal ."). However, for purposes of substitution, the certification is judicially reviewable. *Id.* at 434-37, 115 S.Ct. 2227. A plaintiff who challenges the Government's certification has the burden to prove that the employee's conduct was not within the scope of his employment. *Williams v. United States*, 71 F.3d 502, 506 (5th Cir.1995). In reviewing the certification, federal courts must apply the law of the state in which the tortious act occurred. *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir.1995).

Under Louisiana law, an employer is liable for a tort committed by his employee while the employee was acting within the course and scope of his employment. *Baumeister v. Plunket,* 673 So. 2d 994, 996 (La. 1996). "The course of employment test refers to time and place." *Id.* (citing *Benoit v. Capitol Manu. Co.*, 617 So.2d 477, 479 (La.1993)). "The scope of employment test examines the employment-related risk of injury." *Id.* In *Baumeister*, the Louisiana Supreme Court elaborated:

> for an employer to be vicariously liable for the tortious acts of its employee the "tortious conduct of the [employee must be] so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest."

*Id.* (quoting *Barto v. Franchise Enterprises, Inc*., 588 So.2d 1353, 1356 (La. App. 2d Cir.1991), *writ denied*, 591 So.2d 708 (1992) (quoting *LeBrane v. Lewis*, 292 So.2d 216, 217, 218 (La.1974)).

In making this determination, the Court assesses several factors, including: (1) whether the act was employment rooted; (2) whether the conduct was reasonably incidental to the performance of the employee's duties; (3) whether the conduct occurred on the employer's premises; and (4) whether the conduct occurred during the hours of employment. *Baumeister,* 673 So. 2d at 996-97. "It is not necessary that each of these factors be present in each case, and each case must be decided on its own merits." *Duplantis v. Dillard's Dep't Store,* 849 So. 2d 675, 679 (La. App. 1 Cir. 2003).

Here, Plaintiffs' memorandum submitted in response to the Government's motion to dismiss (*not* the motion to substitute) states that Plaisance, "who was not part of or assigned to maintenance, took it upon himself to use an unauthorized chemical to clean a restroom." *See* Rec. Doc. 12 at p.2. No evidentiary support is cited for this assertion. Furthermore, Plaintiffs' complaint alleges that at "all times related hereto, Larry Plaisance was an employee of the United States of America and at all times was in the course and scope of his employment with the United States of America." *See* Rec. Doc. 1 at ¶6. Additionally, as the Government argues, a declaration provided by Plaisance, which Plaintiffs have not rebutted, indicates that his actions were employment rooted, and reasonably incidental to the performance of his duties as a Senior Safety Specialist for the Corps. *See* Plaisance Dec., Rec. Doc. 18-1.[1] Under these circumstances, the Court finds that

---

[1] Plaisance maintains that he poured bleach into the urinals when the janitorial service failed to remedy complaints he had received about a "sewer-like odor and green/yellow slime" in that restroom. *See* Rec. Doc. 18-1, at ¶¶ 4-8.

Plaintiffs have failed to bear their burden of proving that Plaisance's conduct was not within the scope of his employment with the Government.

## II.     Motion to Dismiss (Rec.  Doc. 11)

The Federal Employees Compensation Act (FECA) "establishes a comprehensive and exclusive workers' compensation scheme for federal employees." *Ramirez v. Walker*, 199 Fed. Appx. 302, *4 (5th Cir. 2006).  It provides that "the United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a).

When a federal employee's injury falls within the scope of FECA, FECA is exclusive of any other remedy." *Smith v. Nicholson*, 2008 WL 2824978, * 1 (5th Cir. July 23, 2008);  5 U.S.C. 8116(c).  Specifically, "FECA is intended to serve as a substitute rather than a supplement for the tort suit." *Smith*, 2008 WL 2824978, * 1 (citing *Bailey v. United States,* 451 F.2d 963, 965 (5th Cir. 1971)); *see also White v. United States,* 143 F.3d 232, 234 (5th Cir. 1998) ("For injuries within its coverage, FECA's remedy is exclusive of any other remedy, including the FTCA."); *Jenkins v. United States,* 59 F.3d 1242, *2 (5th Cir. 1995) ("[A]n individual who has received compensation benefits under FECA is barred from suing the United States for that injury under the FTCA").

In this instance, it is uncontested that Plaintiff Melvin Collins applied for and received  FECA benefits for his alleged on-the-job injury occurring in the third-floor restroom of the  Corps' New Orleans complex. *See* Rec. Doc. 11-3.  Specifically, the Government paid eligible medical bills and pro rata wages for the time Plaintiff missed from work. *Id*.  Thus, because Plaintiff's injuries were compensated through FECA's exclusive remedy scheme, he may not

additionally seek tort damages under the FTCA. *See* 5 U.S.C. 8116(c).[2] The same is likewise true with respect to the derivative loss-of-consortium claim asserted by Plaintiff's wife, Deborah Collins, given that the claim clearly derives directly from Plaintiff's injuries. *See Grijalva v. United States*, 781 F.2d 472, 475 (5th Cir.1986).

      New Orleans, Louisiana, this 16th day of March 2011.

                                      _____
                                      **KURT D. ENGELHARDT**
                                      **UNITED STATES DISTRICT JUDGE**

---

[2] Under these circumstances, the Court additionally finds, on the showing made, that Plaintiffs have not demonstrated that they satisfied the FTCA's requirement that administrative remedies be exhausted prior to suit being filed. *See, e.g, In re Ingram Barge Co.*, 351 Fed. Appx. 842, 843 (5th Cir. 2009); *Flory v. United States,* 138 F.3d 157, 159 (5th Cir.1998).